## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:26-cv-61343-MD

CHRISTOPHER MAXFIELD,

      Plaintiff,

v.

HEALTHCARE SYSTEMS OF AMERICA-
FLORIDA LLC, d/b/a FLORIDA MEDICAL
CENTER, HSA NSMC LLC d/b/a FLORIDA
MEDICAL CENTER, and HSA FMC LLC d/b/a
FLORIDA MEDICAL CENTER,

      Defendants.

_____/

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT

Defendants, Healthcare Systems of America-Florida LLC, d/b/a Florida Medical Center ("HSAF"); HSA NSMC LLC, d/b/a Florida Medical Center ("HSA NSMC"); and HSA FMC LLC, d/b/a Florida Medical Center ("HSA FMC") (collectively "Defendants"), by and through the undersigned attorneys, file this Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial, and state as follows:

### INTRODUCTION

1. Defendants admit Plaintiff is alleging claims under ERISA and COBRA. Defendants deny the remaining allegations in paragraph 1.

## JURISDICTION AND VENUE

2.     Paragraph 2 contains a jurisdictional allegation and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 2.

3.     Paragraph 3 contains conclusions of law regarding venue to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 3.

4.     Defendants lack knowledge sufficient to admit or deny the allegations in paragraph 4.

5.     Defendants admit that HSA FMC is a Florida limited liability company. Defendants deny the remaining allegations in paragraph 5.

6.     Defendants admit that HSA NSMC is a Florida limited liability company. Defendants deny the remaining allegations in paragraph 6.

7.     Defendants admit that HSAF is a limited liability company registered to do business in Florida. Defendants deny the remaining allegations in paragraph 7.

8.     Defendants deny the allegations in paragraph 8.

9.     Defendants admit that HSA FMC maintained its principal place of business at the Hospital. Defendants deny the remaining allegations in paragraph 9.

10.     Defendants deny the allegations in paragraph 10, as phrased.

11.    Defendants deny the allegations in paragraph 11.

12.    Defendants deny the allegations in paragraph 12.

13.    Defendants deny the allegations in paragraph 13.

14.    Defendants deny the allegations in paragraph 14.

15.    Defendants deny the allegations in paragraph 15, as phrased.

16.    Defendants deny the allegations in paragraph 16, as phrased.

17.    Paragraph 17 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 17.

## **GENERAL ALLEGATIONS**

18.    Defendants deny the allegations in paragraph 18, as phrased.

19.    Defendants deny the allegations in paragraph 19.

20.    Defendants deny the allegations in paragraph 20.

21.    Paragraph 21 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 21.

22.    Paragraph 22 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 22.

23.     Paragraph 23 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 23.

24.     Defendants deny the allegations in paragraph 24.

25.     Defendants deny the allegations in paragraph 25.

## COUNT I
## FAILURE TO PROVIDE TIMELY NOTICE IN VIOLATION OF COBRA

26.     Defendants repeat and reallege their responses to paragraphs 1 through 25.

27.     Paragraph 27 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 27.

28.     Defendants deny the allegations in paragraph 28.

29.     Defendants deny the allegations in paragraph 29.

30.     Defendants deny the allegations in paragraph 30.

31.     Defendants deny the allegations in paragraph 31.

32.     Defendants deny Plaintiff is entitled to any of the relief requested in the WHEREFORE clause of the Complaint, including subparts (A) through (E), or to any other relief whatsoever.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's claim is barred because Plaintiff's employment was terminated by reason of Plaintiff's gross misconduct. Under 29 U.S.C. § 1163(2), a termination of employment by reason of the employee's gross misconduct is not a "qualifying event" under COBRA. Because no qualifying event occurred, no obligation to provide notice under 29 U.S.C. § 1166 arose, and Plaintiff is not entitled to statutory penalties under 29 U.S.C. § 1132(c) or any other relief.

2.      Plaintiff's claim is barred, in whole or in part, by his failure to exhaust the administrative remedies available under the governing group health plan before filing suit.

3.      Any recovery by Plaintiff of medical expenses or other monetary relief must be reduced and offset by: (a) the premium contributions Plaintiff would have been required to pay to maintain continuation coverage under 29 U.S.C. § 1162(3), in an amount up to 102 percent of the applicable premium for each month of coverage; and (b) all deductibles, copayments, coinsurance, exclusions, and limitations that would have applied to Plaintiff's claimed medical expenses under the terms of the governing group health plan had Plaintiff elected and maintained continuation coverage.

4.     Plaintiff's claims for damages are barred, in whole or in part, by his failure to mitigate his damages, including without limitation his failure to obtain alternative health insurance coverage that was available to him through the Health Insurance Marketplace (including any special enrollment period triggered by his loss of coverage and any premium subsidies for which he qualified), through subsequent employment, or otherwise, and his failure to take reasonable steps to reduce the medical expenses he claims as damages.

5.     Plaintiff lacks standing to pursue the claim, as he has not suffered any injury in fact or financial harm.

### DEMAND FOR JURY TRIAL

Defendants demand a trial by jury of all issues so triable as of right by a jury.

Date: June 11, 2026

/s/ Carlos A. Garcia
Carlos A. Garcia, Esquire
Florida Bar No. 99768
WICKER SMITH O'HARA MCCOY &
FORD, P.A.
Attorneys for Defendants
515 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
Phone: (954) 847-4800
Fax: (954) 760-9353
FTLcrtpleadings@wickersmith.com

CASE NO. 0:26-cv-61343-MD

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on June 11, 2026, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/ Carlos A. Garcia*
Carlos A. Garcia, Esquire

## **SERVICE LIST**

J. Freddy Perera, Esquire
Perera Law Group
12555 Orange Dr # 4107
Davie, FL 33330-4304
Telephone: (786) 485-5232
E-mail: freddy@pba-law.com

- 7 -