UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:26-cv-61343-DAMIAN/STRAUSS

CHRISTOPHER MAXFIELD,

Plaintiff,

vs.

HEALTHCARE SYSTEMS OF AMERICA-FLORIDA LLC, D/B/A FLORIDA MEDICAL CENTER, HSA NSMC LLC D/B/A FLORIDA MEDICAL CENTER, and HSA FMC LLC D/B/A FLORIDA MEDICAL CENTER.

Defendants.
__________________________________/

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff, CHRISTOPHER MAXFIELD ("Plaintiff"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 15, hereby respectfully files this Motion for Leave to Amend his Complaint, and in support thereof states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. Plaintiff filed his Complaint on May 5, 2026, alleging that Defendants failed to provide timely notice of his right to elect continuation coverage under COBRA. [D.E. 1].



**PERERA LAW GROUP, P.A.**
12555 Orange Drive · #4107 · Davie, FL 33330
www.PBA-Law.com · Phone (786) 485.5232

2. At all times relevant, Defendants employed Plaintiff and offered him and his spouse health insurance coverage through a group health plan (the "Plan").

3. Plaintiff was a participant under the Plan, which qualified as a group health plan subject to ERISA and COBRA.

4. Plaintiff's wife, Elizabeth Maxfield ("Ms. Maxfield"), was also a covered beneficiary under the Plan.

5. Ms. Maxfield has a claim under COBRA for the same deficiencies giving rise to her husband's claim. Therefore, she is allowed to bring forth this action and seek relief under 29 U.S.C § 1132.

6. Joining Ms. Maxfield to this action is the most cost-effective and efficient way to globally address the COBRA issues.

7. The deadline to amend the pleadings and add parties has not elapsed. Such deadline is on September 8, 2026.

**MEMORANDUM OF LAW**

8. Pursuant to Federal Rule of Civil Procedure 15, a party may amend its pleading with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. *Fed. R. Civ. Pro. 15(a)(2).*

9. Federal Rule of Civil Procedure 20 allows a person to join an action as Plaintiff if they assert any right to relief with respect to or arising out of the same transaction or occurrence, and when any question of law or fact common to all plaintiffs arises in the action. Fed. R. Civ. Pro. 20(a)(1)(A)-(B).



**PERERA LAW GROUP, P.A.**
12555 Orange Drive · #4107 · Davie, FL 33330
www.PBA-Law.com · Phone (786) 485.5232

10. Seeking relief based on the same series of transactions and occurrences fulfills the requirements of Rule 20(a). *Gonzalez v. Sch. Bd.*, 2008 U.S. Dist. LEXIS 66453 at *569 (S.D. Fla. May 16, 2008). Whether a claim falls within the same series of transactions or occurrences depends on their logical relationship. *Id.* Rule 20(a) only requires that plaintiffs have any question of law or fact in common. *Id.*

11. The logical relationship requirement is clearly met in this matter. Ms. Maxfield was a qualified beneficiary under the same Plan as Plaintiff. As a qualified beneficiary under the Plan, Ms. Maxfield was also entitled to receive notice of the continuation coverage after her husband's employment with Defendants was terminated. Defendants, however, failed to meet their obligation to submit timely notice to Plaintiff or Ms. Maxfield. Ms. Maxfield and Plaintiff are both seeking relief based on the same occurrence consisting of the same set of common facts alleged in the proposed Amended Complaint. *See* **Exhibit "A"**.

## CONCLUSION

12. There is no compelling countervailing interest in prohibiting amendment to join Elizabeth Maxfield as a plaintiff in this action. Leave to amend should therefore be granted.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant his Motion for Leave to Amend the Complaint, and any other relief deemed appropriate.



**PERERA LAW GROUP, P.A.**
12555 Orange Drive · #4107 · Davie, FL 33330
www.PBA-Law.com · Phone (786) 485.5232

## CERTIFICATE OF CONFERRAL

The undersigned certifies that Plaintiff's counsel has conferred with counsel for Defendants and Defendants' counsel does not oppose the relief sought herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2026, a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using CM/ECF and that the foregoing documents being served this day on all counsel or parties of record via transmission of a Notice of Electronic Filing generated by CM/ECF.

*By: **/s/ Felipe Gonzalez***
J. Freddy Perera, Esq.
Florida Bar No. 93625
Freddy@pba-law.com
Nathaly Saavedra, Esq.
Florida Bar No. 118315
Nathaly@pba-law.com
Felipe Gonzalez, Esq.
Florida Bar No. 1026023
Felipe@pba-law.com

**PERERA LAW GROUP**
12555 Orange Drive
Suite 4107
Davie, FL 33330
Telephone: 786-485-5232

*Attorneys for Plaintiff*

# Exhibit A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:26-cv-61343-DAMIAN/STRAUSS

CHRISTOPHER MAXFIELD, and
ELIZABETH MAXFIELD

Plaintiffs,

vs.

HEALTHCARE SYSTEMS OF AMERICA-FLORIDA LLC, D/B/A FLORIDA MEDICAL CENTER,
HSA NSMC LLC D/B/A FLORIDA MEDICAL CENTER, and
HSA FMC LLC D/B/A FLORIDA MEDICAL CENTER.

Defendants.
_________________________________/

**FIRST AMENDED COMPLAINT**

Plaintiffs CHRISTOPHER MAXFIELD ("Mr. Maxfield") and ELIZABETH MAXFIELD ("Mrs. Maxfield") (collectively referred to as "Plaintiffs"), by and through undersigned counsel, and hereby file this First Amended Complaint against Defendants, Healthcare Systems of America-Florida LLC d/b/a Florida Medical Center ("HSAF"), HSA NSMC LLC d/b/a Florida Medical Center ("HSA NSMC"), and HSA FMC LLC d/b/a Florida Medical Center ("HSA FMC") (collectively referred to as "Defendants"), and as grounds therefore, state as follows:



**PERERA LAW GROUP, P.A.**
12555 Orange Drive · # 4107 · Davie, FL 33330
www.PBA-Law.com · Phone (786) 485.5232

## INTRODUCTION

1. This action arises out of Defendants' failure to comply with their obligations under the Employee Retirement Income Security Act of 1974, codified as part of 29 U.S.C. § 1001, *et seq.* ("ERISA") as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").

## JURISDICTION AND VENUE

2. This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1131, as this action arises under the laws of the United States, specifically, ERISA and COBRA.
3. Venue is proper pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to this action occurred in this judicial district.
4. Plaintiff Christopher Maxfield was and is a resident of Broward County, Florida, over the age of eighteen, and was at all relevant times sui juris.
5. Plaintiff Elizabeth Maxfield was and is a resident of Broward County, Florida, over the age of eighteen, and was at all relevant times sui juris.
6. At all relevant times, Mr. Maxfield and Mrs. Maxfield were legally married to one another.
7. HSA FMC, is a Florida limited liability company, organized and existing under and by virtue of the laws of Florida. HSA FMC, at all times material hereto, conducted substantial and continuous business within Broward County.
8. HSA NSMC is a Florida limited liability company organized and existing under and by virtue of the laws of Florida. HSA NSMC, at all times material hereto,



**PERERA LAW GROUP, P.A.**
12555 Orange Drive · # 4107 · Davie, FL 33330
www.PBA-Law.com · Phone (786) 485.5232

conducted substantial and continuous business within Broward County, and is subject to the laws of the United States and the State of Florida.

9. HSAF is a foreign limited liability company registered to conduct business throughout the State of Florida. HSAF, at all times material hereto, conducted substantial and continuous business within Broward County, and is subject to the laws of the United States and the State of Florida.

10. Defendants jointly owned, controlled, and operated the Hospital located at 5000 W. Oakland Park Boulevard, Lauderdale Lakes, Florida 33313 as a single integrated enterprise under the fictitious name "Florida Medical Center" (hereinafter referred to as "the Hospital").

11. Defendant HSA FMC employed Mr. Maxfield, issued his paychecks, and maintained its principal business address at the Hospital.

12. At all relevant times, HSA NSMC owned and operated the Hospital where Mr. Maxfield worked, was the registered licensee with the Florida Agency for Health Care Administration (AHCA), and was responsible for the Hospital's operational oversight.

13. At all relevant times, HSAF held a controlling interest in HSA NSMC and exercised control over the Hospital's governance, budgeting, and executive decision-making.

14. At all relevant times, Defendants held themselves out to employees, regulators, and the public under a common name and operated the Hospital as a single integrated enterprise.

15. Defendants acted as Mr. Maxfield's joint employers, and collectively exercised control over his employment and the adverse actions alleged herein.

16. At all times relevant hereto, Defendants, individually and/or in combination, employed at least twenty (20) or more employees on a typical business day during the preceding calendar year and were Mr. Maxfield's "employer" within the meaning of 29 U.S. Code § 1002(5).

17. At all relevant times, Defendants employed Mr. Maxfield and offered him and his spouse health insurance coverage through a group health plan ("the Plan").

18. Mr. Maxfield was a covered participant under the Plan, and Mrs. Maxfield was a qualified beneficiary under the Plan.

19. Both Plaintiffs and Defendants contributed to the cost of coverage, and the Plan qualified as a group health plan subject to ERISA and COBRA.

20. Plaintiffs are authorized to bring this action pursuant to 29 U.S.C. § 1132(a)(1)(A).

**GENERAL ALLEGATIONS**

21. Mr. Maxfield began working for Defendants in January 2025 after Defendants acquired the Hospital where he was employed.

22. On April 25, 2025, Defendants wrongfully terminated Mr. Maxfield's employment and immediately discontinued his and Mrs. Maxfield's medical insurance benefits under the Plan.



**PERERA LAW GROUP, P.A.**
12555 Orange Drive · # 4107 · Davie, FL 33330
www.PBA-Law.com · Phone (786) 485.5232

23. Within a week of his termination, Mr. Maxfield contacted Defendants' Human Resources Department to request information regarding his and Mrs. Maxfield's COBRA rights. Defendants failed to provide any information in response.

24. Mr. Maxfield's termination constituted a qualifying event under 29 U.S.C. § 1163(2).

**Defendants' Notice Obligations and Failure to Provide COBRA Notice**

25. COBRA required Defendants to notify the plan administrator of Mr. Maxfield's qualifying event within thirty (30) days of April 25, 2025. If Defendants were acting as the plan administrator, COBRA required them to provide Plaintiffs with a COBRA election notice within forty-four (44) days of the qualifying event.

26. Plaintiffs were entitled to receive a COBRA election notice no later than June 8, 2025.

27. Defendants failed to timely notify the plan administrator of the qualifying event and/or failed to timely provide Plaintiffs with the required COBRA election notice.

28. As a direct result, Plaintiffs never received their COBRA election notice in a timely manner and were denied the opportunity to elect continuation coverage under the Plan.

**COUNT I**
**FAILURE TO PROVIDE TIMELY NOTICE IN VIOLATION OF COBRA**
**(ALL DEFENDANTS)**



**PERERA LAW GROUP, P.A.**
12555 Orange Drive · # 4107 · Davie, FL 33330
www.PBA-Law.com · Phone (786) 485.5232

29. Plaintiffs restate and allege Paragraphs 1 through 28 as if fully set forth herein.

30. COBRA required Defendants to notify the plan administrator of Mr. Maxfield's qualifying event within thirty (30) days of April 25, 2025, or, if acting as the plan administrator, to provide Plaintiffs with a COBRA election notice within forty-four (44) days of the qualifying event.

31. Defendants failed to comply with these statutory notice obligations within the required time period.

32. As a result of Defendants' failure to comply, Plaintiffs did not receive timely notice of their right to elect continuation coverage under COBRA and were denied continuation coverage under the Plan.

33. Despite Plaintiff's multiple informal requests for COBRA information following his termination, Defendants did not comply with their timely notice obligations.

34. Defendants are liable for civil penalties under 29 U.S.C. § 1132(c)(3).

35. Plaintiffs have suffered damages including medical expenses, replacement insurance costs, attorney's fees, and litigation costs.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court, pursuant to 29 U.S.C. § 1132(c), award any and all relief that it deems just and proper, including, but not limited to:

A. A declaration that Defendants violated the continuation-coverage and notice requirements of COBRA;



**PERERA LAW GROUP, P.A.**
12555 Orange Drive · # 4107 · Davie, FL 33330
www.PBA-Law.com · Phone (786) 485.5232

B. Pursuant to 29 U.S.C. § 1132, a statutory penalty of up to $110 per day, in an amount determined by the Court, against each Defendant determined to be the plan administrator, beginning on the date that Defendant's statutory notice obligation expired and continuing through the date proper notice was furnished, or through such other date as the Court determines, separately as to each Plaintiff or qualified beneficiary to the extent permitted by law;

C. Pursuant to 29 U.S.C. § 1132, an award of benefits due under the terms of the applicable employee-benefit plan, including payment or reimbursement of covered medical expenses incurred as a result of the COBRA violations;

D. Alternatively or additionally, pursuant to 29 U.S.C. § 1132, appropriate equitable relief necessary to redress the COBRA violations, including, as applicable, retroactive reinstatement or restoration of continuation coverage, surcharge, and other appropriate equitable relief;

E. Prejudgment and postjudgment interest on all amounts for which interest is recoverable;

F. Reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1); and

G. Such other legal or equitable relief as the Court deems just and proper



**PERERA LAW GROUP, P.A.**
12555 Orange Drive · # 4107 · Davie, FL 33330
www.PBA-Law.com · Phone (786) 485.5232

**DEMAND FOR JURY TRIAL**

Plaintiffs, Christopher Maxfield and Elizabeth Maxfield demand trial by jury on all issues and all counts of this Complaint so triable.

Dated: September 8, 2026

Respectfully submitted,

*By:* ***/s/ Felipe Gonzalez***
J. Freddy Perera, Esq.
Florida Bar No. 93625
Freddy@pba-law.com
Nathaly Saavedra, Esq.
Florida Bar No. 118315
Nathaly@pba-law.com
Felipe Gonzalez, Esq.
Florida Bar No. 1026023
Felipe@pba-law.com

**PERERA LAW GROUP**
12555 Orange Drive
Suite 4107
Davie, FL 33330
Telephone: 786-485-5232

*Attorneys for Plaintiff*